UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION FUND, On Behalf of Itself and All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>STURM, RUGER & COMPANY, INC., et al.,<br><br>  Defendants. | No. 3:09-cv-01293-CFD<br><br><u>CLASS ACTION</u> |
| ALAN R. HERRETT, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>STURM, RUGER & COMPANY, INC., et al.,<br><br>  Defendants. | No. 3:09-cv-01556-JCH<br><br><u>CLASS ACTION</u><br><br><br><br><br><br>October 13, 2009 |

**<u>MEMORANDUM IN SUPPORT OF THE MOTION OF STEAMFITTERS LOCAL 449 PENSION FUND FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL</u>**

**I.     PRELIMINARY STATEMENT**

Presently pending before this Court are at least two-related securities class action lawsuits (the "Actions") brought on behalf of all purchasers of Sturm, Ruger & Company, Inc.("Sturm Ruger" or the "Company") common stock between April 23, 2007 to October 29, 2007, inclusive (the "Class Period"). The actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investor Steamfitters Local 449 Pension Fund hereby moves this Court for an Order to: (i) consolidate the Actions; (ii) appoint Steamfitters Local 449 Pension Fund as Lead Plaintiff in the Actions under §21D(a)(3)(B) of the Exchange Act; and (iii) approve Steamfitters Local 449 Pension Fund's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel and the law firm of Diserio Martin O'Connor & Castiglioni LLP ("Diserio Martin") to serve as Liaison Counsel.

This motion is made on the grounds that Steamfitters Local 449 Pension Fund is the most adequate plaintiff, as defined by the PSLRA. Steamfitters Local 449 Pension Fund is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 15, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, Steamfitters Local 449 Pension Fund is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the Class.

During the Class Period, Steamfitters Local 449 Pension Fund incurred a $27,508.31 loss on its transactions in Sturm Ruger shares. *See* Whitcomb Decl., Ex. B[1]. To the best of its knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, Steamfitters Local 449 Pension Fund, for the purposes of this Motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.   FACTUAL BACKGROUND[2]

Sturm Ruger is primarily engaged in the design and manufacture of firearms, including rifles, pistols and shotguns. The Company sells its products through a small number of "independent" wholesale distributors.

The complaint charges Sturm Ruger and certain of its officers and directors with violations of the Exchange Act. According to the complaint, Defendants issued a series of materially false and misleading statements concerning Sturm Ruger, its business, operations and prospects. Unbeknownst to shareholders, the true facts were: (i) that the reductions in inventory balances by Sturm Ruger in the first and second quarters of 2007 had reduced the Company's parts and components inventories below efficient levels, preventing Sturm Ruger's manufacturing units from meeting production and shipment schedules and resulting in the Company's inability to sustain current or historical sales levels; (ii) that Sturm Ruger's "backlog" of unfilled purchase orders was

---

[1]   References to the "Whitcomb Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Jonathan P. Whitcomb dated October 13, 2009, and submitted herewith.

[2]   These facts are drawn from the allegations in the complaint entitled *Steamfitters Local 449 Pension Fund v. Sturm, Ruger & Company, Inc., et al.*, Civil Action No. 3:09-cv-01293-CFD (the "Steamfitters Action").

materially inflated because of the Company's inability to meet current production and shipping schedules due to inventory shortages; (iii) that orders received from the Company's independent distributors were artificially boosted by the Company's mandated change to firm and noncancellable purchase order submissions and were not reflective of actual demand for the Company's products; (iv) that Sturm Ruger's independent distributors were carrying large quantities of the Company's unsold products, increasing the risk that these distributors would reduce or curtail their future purchases; and (v) that based on the above, defendants had no reasonable basis for their positive statements and opinions concerning Sturm Ruger's current financial performance and condition.

The truth came out on October 24, 2007, when the Company announced that its firearm sales for the third quarter of 2007 fell 26%, resulting in a loss of $0.03 per share, and that sales had declined due to inventory issues at its distributors. Following this news, the price of Sturm Ruger's common stock fell by $6.45 per share, closing at $10.65 per share – a one-day decline of more than 37% on volume of 4.1 million shares.

## III. ARGUMENT

### A. The Actions Should Be Consolidated for All Purposes

The Actions each assert class claims on behalf of Sturm Ruger shareholders for alleged violations of the Exchange Act. The Actions name similar defendants (*i.e.*, the officers and directors of Sturm Ruger, as well as the Company) and involve the same factual and legal issues. The Actions are each brought by shareholders of Sturm Ruger during the relevant time period who were injured by the defendants' fraud that was perpetrated through the issuance of materially false and misleading statements. Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42 (a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B.   Steamfitters Local 449 Pension Fund Should Be Appointed Lead Plaintiff

#### 1.   The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U. S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Steamfitters Local 449 Pension Fund* Action caused the first notice regarding the pendency of these Actions to be published on *Business Wire*, a national, business-oriented newswire service, on August 13, 2009. *See* Whitcomb Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

- 4 -

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Steamfitters Local 449 Pension Fund Satisfies the Lead Plaintiff Requirements of the Exchange Act

#### a. Steamfitters Local 449 Pension Fund Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein under 15 U. S.C. §78u-4(a)(3)(A) and (B) expires on October 13, 2009.[3] Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on August 13, 2009, Steamfitters Local 449 Pension Fund timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Steamfitters Local 449 Pension Fund has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the Class. *See* Whitcomb Decl., Ex. C. In addition, Steamfitters Local 449 Pension Fund has selected and retained competent counsel to represent itself and the Class. *See* Whitcomb Decl., Exs. D-E. Accordingly, Steamfitters Local 449 Pension Fund has satisfied the individual requirements of 15 U. S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of Lead and Liaison Counsel as set forth herein, considered and approved by the Court.

---

[3]   Although the 60-day period expired on October 12, 2009, the Court was closed on that day due to the observance of Columbus Day. Accordingly, motions filed on October 13, 2009 should be deemed timely. *See eg., In re Crayfish Co. Sec. Litig.*, 00 Civ. 6766, 2002 U.S. Dist. LEXIS 10134 (S.D.N.Y. June 6, 2002).

### b. Steamfitters Local 449 Pension Fund Is Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U. S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Steamfitters Local 449 Pension Fund, as an institutional investor, is precisely the type of lead plaintiff Congress envisioned when it passed the PSLRA. *See id*.

### c. Steamfitters Local 449 Pension Fund Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Whitcomb Decl., Ex. C, Steamfitters Local 449 Pension Fund incurred a $27,508.31 loss on its transactions in Sturm Ruger shares. *See* Whitcomb Decl., Ex. B. Steamfitters Local 449 Pension Fund thus has a significant financial interest in this case. Therefore, Steamfitters Local 449 Pension Fund satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d. Steamfitters Local 449 Pension Fund Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party

may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2175, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 6, 1997). Steamfitters Local 449 Pension Fund satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of

the class does not mean, however, that the claims must be identical. *See Impath*, 2004 U.S. Dist. LEXIS 13898, at *18.

Steamfitters Local 449 Pension Fund satisfies this requirement because, just like all other class members, it: (1) purchased Sturm Ruger shares during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, Steamfitters Local 449 Pension Fund's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Steamfitters Local 449 Pension Fund to represent the Class to the existence of any conflicts between the interest of Steamfitters Local 449 Pension Fund and the members of the Class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the Class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, No. 02 MD 1472 (GEL), 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 23, 2004).

Here, Steamfitters Local 449 Pension Fund is an adequate representative of the Class. As evidenced by the injuries suffered by Steamfitters Local 449 Pension Fund and the Class, the interests of Steamfitters Local 449 Pension Fund are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Steamfitters Local 449 Pension Fund's interests and those of the other members of the class. Further, Steamfitters Local 449 Pension Fund has taken significant steps which demonstrate it will protect the interests of the Class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Steamfitters Local 449 Pension Fund's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Steamfitters Local 449 Pension

Fund prima facie satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Steamfitters Local 449 Pension Fund's Choice of Counsel

Pursuant to 15 U. S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Steamfitters Local 449 Pension Fund has selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Secs. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Whitcomb Decl., Ex. D. Specifically, the court in *Enron* stated:

> "The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit."

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006).

Accordingly, the Court should approve Steamfitters Local 449 Pension Fund's selection of counsel.

### IV. CONCLUSION

For all the foregoing reasons, Steamfitters Local 449 Pension Fund respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Steamfitters Local 449 Pension Fund as Lead Plaintiff in the Actions; (iii) approve its selection of Lead and Liaison Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

| | |
|---|---|
| DATED: October 13, 2009 | STEAMFITTERS LOCAL 449 PENSION FUND |
| | |
| | /s/ JONATHAN P. WHITCOMB |
| | JONATHAN P. WHITCOMB (CT15014) |
| | DISERIO MARTIN O'CONNOR & CASTIGLIONI LLP |
| | One Atlantic Street |
| | Stamford, CT 06901 |
| | Telephone: 203/358-0800 |
| | 203/348-2321 (fax) |
| | jwhitcomb@dmoc.com |
| | |
| | [Proposed] Liaison Counsel |
| | |
| | COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP |
| | SAMUEL H. RUDMAN |
| | DAVID A. ROSENFELD |
| | JOSEPH RUSSELLO |
| | 58 South Service Road, Suite 200 |
| | Melville, NY 11747 |
| | Telephone: 631/367-7100 |
| | 631/367-1173 (fax) |
| | |
| | [Proposed] Lead Counsel for Plaintiffs |

S:\CasesSD\Sturm Ruger\Lead-Con_cap.doc

## CERTIFICATE OF SERVICE

      I hereby certify that on October 13, 2009, a copy of the foregoing Memorandum of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ JONATHAN P. WHITCOMB
JONATHAN P. WHITCOMB (CT15014)
DISERIO MARTIN O'CONNOR & CASTIGLIONI LLP
One Atlantic Street
Stamford, CT 06901
Telephone:  203/358-0800
203/348-2321 (fax)
jwhitcomb@dmoc.com