# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEAMFITTERS LOCAL 449 PENSION FUND, | : | |
| On behalf of itself and all others similarly situated, | : | |
| Plaintiff, | : | |
| | : | 3:09-cv-1293 (CFD) |
| v. | : | |
| | : | |
| STURM, RUGER & COMPANY, INC., et al. | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| | : | |
| | : | |
| ALLAN R. HERRETT, | : | |
| Individually and on behalf of itself and all others | : | |
| similarly situated, | : | |
| Plaintiff, | : | |
| | : | 3:09-cv-1556 (CFD) |
| v. | : | |
| | : | |
| STURM, RUGER & COMPANY, INC., et al. | : | |
| Defendants. | : | |

## ORDER OF CONSOLIDATION AND APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

WHEREAS, actions pending in the same court involving common questions of law or fact may be consolidated under Fed. R. Civ. P. 42(a);

WHEREAS, 15 U.S.C. § 78u-4(a)(3)(B), requires the Court to appoint as "lead plaintiff" those individuals "most capable of adequately representing the interests of class members" and that this "most adequate plaintiff" secure counsel "subject to the approval of the court";

WHEREAS, Plaintiff Steamfitters Local 449 Pension Fund moves for appointment as Lead Plaintiff, for the law firm of Coughlin, Stoia, Geller, Rudman & Robbins, LLP, to be appointed Lead Counsel, and for the law firm of Diserio, Martin, O'Connor & Castiglioni, LLP to be appointed Liaison Counsel.

NOW, THEREFORE, The Court ORDERS as follows:

## I. THE ABOVE REFERENCED ACTIONS SHALL BE CONSOLIDATED FOR ALL PURPOSES

The above referenced actions (the "Actions") allege claims on behalf of stockholders of

Sturm, Ruger & Company, Inc., ("the Company") against the Company for violations of the

federal securities laws.  Consolidation is appropriate where there are actions involving common

questions of law or fact.  Fed. R. Civ. P. 42(a).  <u>See</u> <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281,

1284 (2d Cir. 1990), <u>cert. denied</u>, 498 U.S. 920 (1990).  The test is met here and, accordingly, the

Actions are consolidated.  All parties are directed to abide by Rule 42 of the Local Rules for the

District of Connecticut pertaining to consolidation.

## II. MASTER DOCKET

A Master Docket is hereby established for the Actions.  Entries in said Master Docket

shall be applicable to the Actions, and entries shall be made therein in accordance with the

regular procedures of the Clerk of this Court, except as modified by this Order.

When a pleading is filed and the caption, pursuant to this Order, shows that it is

applicable to "All Actions" or to individual actions, the Clerk shall file such pleading in the

Master File and note such filing in the Master Docket.  No further copies need be filed or other

docket entries made.

## III. MASTER FILE

A Master File is hereby established for this proceeding in the Action.  The Master File

shall be Civil Action No. 3:09-cv-1293 (CFD).  The original of this Order shall be filed by the

Clerk in the Master File herein established.  The Clerk shall file a copy of this Order in each of

the above referenced actions.


### IV. SCOPE OF ORDER

The terms of this Order shall not have the effect of making any person, firm, or entity a

party to any action in which he, she, or it has not been named, served, or added as such in

accordance with the Federal Rules of Procedure.  The terms of this Order and the consolidation

ordered herein shall not constitute a waiver by any party of claims in or defenses to any action.


### V. APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

Plaintiff Steamfitters Local 449 Pension Fund is hereby appointed Lead Plaintiff pursuant

to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4.

The law firm of Coughlin, Stoia, Geller, Rudman & Robbins, LLP, is hereby appointed

Lead Counsel and the law firm of Diserio, Martin, O'Connor & Castiglioni, LLP is hereby

appointed Liaison Counsel.

Lead Plaintiff shall file a consolidated amended complaint within 45 days of this order.

Defendants shall respond to the amended complaint within 45 days after its filing.  Defendants

shall serve their reply to any such response with 30 days of its filing.  Discovery and all other

proceedings shall be stayed during the pendency of any motion to dismiss, in accordance with 15

U.S.C. § 78u-4(b)(3)(B), unless the Court finds it necessary to have particularized discovery that

is necessary to preserve evidence or to prevent undue prejudice to a party.

## VI. SERVICE OF PLEADINGS AND OTHER PARTIES

Service by the Defendants or Plaintiffs of any papers shall be deemed complete for all purposes when a copy is served on Lead Counsel.

SO ORDERED this  11th  day of January 2010, at Hartford, Connecticut.

 /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE**