# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| **In re STURM, RUGER & COMPANY, INC.)**<br>**SECURITIES LITIGATION** ) | Docket   **No. 3:09-cv-01293-VLB** |
| ) | **CLASS ACTION** |
| ) | |
| **This Document Relates To:** ) | **ORDER PRELIMINARILY** |
| ) | **APPROVING SETTLEMENT AND** |
| **ALL ACTIONS.** ) | **PROVIDING FOR NOTICE** |
| ) | |

**WHEREAS,** a consolidated class action is pending in the Court entitled *In re Sturm, Ruger & Company, Inc. Securities Litigation*, Master File No. 3:09-cv-01293-VLB (the "Litigation");

**WHEREAS,** the Settling Parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order approving the Settlement of this Action, in accordance with a Stipulation of Settlement dated December 29, 2011 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice as against the Defendants upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

**WHEREAS,** all defined terms contained herein shall have the same meanings as set forth in the Stipulation; and

**WHEREAS,** the Stipulation provides for the conditional certification of the Class solely for purposes of the Settlement;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.     The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, including the releases contained therein, as being fair, reasonable, and adequate as to the Class Members, subject to further consideration at the Settlement Hearing described below.

2.     A hearing (the "Settlement Hearing") shall be held before this Court on __August 20__, 2012, at 2:00p m., in Courtroom  2  of the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building and United States Courthouse, 450 Main Street, Hartford, CT 06103, to determine whether the proposed

- 1 -

Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate as to the Class and should be approved by the Court; whether an Order and Final Judgment, substantially in the form of Exhibit B to the Stipulation, should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel.  The Court may adjourn the Settlement Hearing without further notice to members of the Class.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of the Stipulation and effectuating the Settlement, a Class of all persons and entities that purchased Sturm, Ruger & Company, Inc. ("Sturm, Ruger") common stock during the period beginning April 23, 2007 through and including October 24, 2007.  Excluded from the Class are Defendants; members of the immediate families of each of the Individual Defendants; the officers and directors of Sturm, Ruger during the Class Period and their immediate families; any parent, subsidiary, or affiliate of Sturm, Ruger during the Class Period; any entity in which any Defendant has a controlling interest; any trust of which any Defendant is a beneficiary; and the legal representatives, heirs, beneficiaries, successors, and assigns of any such excluded party in their capacity as such.  Also excluded from the Class are any putative Class Members who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice of Pendency and Proposed Settlement of Class Action to be sent to Class Members pursuant to this Order.

4.     Solely for the purposes of the Stipulation and the Settlement, this Court preliminarily finds that: (a) the members of the Class are so numerous that joinder of

all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.     Steamfitters Local 449 Pension Fund is preliminarily certified for purposes of the Settlement only as Class Representative, and the law firm of Robbins Geller Rudman & Dowd LLP is preliminarily appointed Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

6.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶7-8 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7.     The date and time of the Settlement Hearing shall be added to the Notice and Summary Notice before they are mailed and published, respectively, in accordance with ¶8, below.

8.     Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Within ten (10) calendar days of this Order, if it has not already done so, Sturm, Ruger shall, at its own cost and expense, use reasonable efforts to provide or cause to be provided without charge to the Claims Administrator the last known names and addresses of all shareholders of record (as opposed to individual shareholders holding shares in "Street Name") and brokerage firms holding shares in Street Name for their customers, during the Class Period, to the extent reasonably available, as agreed in the Stipulation;

(b)     Not later than __June 26___, 2012 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

(c)     Not later than ___June 26___, 2012, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and over the *Business Wire* or *PR Newswire*; and

(d)    Not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

9.    The Claims Administrator shall request that nominees who purchased Sturm, Ruger common stock for the benefit of another Person during the period between April 23, 2007 and October 24, 2007, inclusive, send the Notice and the Proof of Claim to all such beneficial owners of Sturm, Ruger common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

10.    Any Person falling within the definition of the Class who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice.  Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time set forth and in the manner described in the Notice.

11.    All members of the Class shall be bound by the provisions of the Stipulation and all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

12.     Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than ninety (90) days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

13.     Any member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

14.     All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims, regardless of whether or not any such Class Member has appeared in the Litigation.

15.     Any member of the Class may appear and show cause, if he, she or it has any, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon substantially in the form annexed as Exhibit B to the Stipulation,

why the Plan of Allocation should or should not be approved as fair, reasonable, and adequate, or why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel, unless written objections and copies of any papers and briefs in support of said objections and proof of membership in the Class are received by Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; and Michael Dockterman, Edwards Wildman Palmer LLP, 225 West Wacker Drive, Suite 3000, Chicago, IL 60606, on or before _____August 1_____, 2012, and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building and United States Courthouse, 450 Main Street, Hartford, Connecticut, on or before _August 1_, 2012. Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.

16.    Upon the Effective Date, the Releasing Persons, regardless of whether Lead Plaintiff or any Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any distribution from the

Settlement Fund or the Net Settlement Fund, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Released Persons and shall have covenanted not to sue the Released Persons with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Plaintiffs' Claim against the Released Persons.

17.     No Person that is not a Class Member or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

18.     All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the Person(s) paying the same pursuant to the Stipulation and/or further order(s) of the Court.

19.     All motions and papers in support of the Settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiff for attorneys' fees and expenses and interest thereon shall be filed and served no later than twenty-one (21) calendar days prior to the Settlement Hearing.  If any objections to the Settlement, Plan of Allocation, or application for attorneys' fees and expenses and interest thereon are timely filed, a response to the objection(s) shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

20.     All of the Claims Administrator's reasonable out-of-pocket costs and expenses incurred in providing notice to Class Members, administration of the Settlement Fund, as well as escrow fees, taxes, custodial fees, and expenses

incurred in connection with processing Proofs of Claim or distributing the Net Settlement Fund, shall be paid from the Settlement Fund as set forth in the Stipulation.  Upon the establishment and funding of the Settlement Fund, a sum not to exceed Two Hundred Thousand Dollars ($200,000) of the Settlement Fund shall be allocated to the Notice and Administration Fund for the express purpose of providing notice of the Settlement and to administer the Settlement pursuant to the terms of this Order, and unspent funds shall be returned to the Settlement Fund.  Funds may be disbursed from the Notice and Administration Fund for these purposes without further approval of Defendants or the Court.  The Notice and Administration Fund shall be administered by the Escrow Agent as part of the Settlement Fund.  In the event the Settlement is not approved by the Court, or is terminated, cancelled, or otherwise fails to become effective for any reason, the Settlement Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), shall be refunded directly to such Person(s) that paid the Settlement Amount, *pro rata* in accordance with the amounts paid by such Person(s), consistent with the terms of the Stipulation.

21.    If for any reason the Stipulation is not approved, or is terminated, cancelled, or fails to become effective for any reason, this Order, and any judgment or order entered by the Court in accordance with the terms of the Stipulation, shall be treated as vacated, *nunc pro tunc*, and the provisions of ¶¶3.8 and 6.2 of the Stipulation shall apply.

22.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Stipulation.

23.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.


DATED: __May 31, 2012__          _____/s/_____
                                 **THE HONORABLE VANESSA L. BRYANT**
                                 **UNITED STATES DISTRICT JUDGE**

**EXHIBIT A-1**

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re STURM, RUGER & COMPANY, INC. ) SECURITIES LITIGATION ) | **Master File No. 3:09-cv-01293-VLB** |
| ) | **CLASS ACTION** |
| ———————————————————— ) | |
| ) | **NOTICE OF PENDENCY AND** |
| **This Document Relates To:** ) | **PROPOSED SETTLEMENT OF CLASS** |
| ) | **ACTION** |
| **ALL ACTIONS.** ) | |
| ) | **EXHIBIT A-1** |
| ———————————————————— | |

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE STURM, RUGER & COMPANY, INC. SECURITIES LITIGATION | )  MASTER FILE NO. )  3:09-cv-01293-VLB ) |
| ———————————————————— | ) ) |
| This Document Relates To: | )  <u>CLASS ACTION</u> ) ) |
| ALL ACTIONS. | ) ) |

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING**

**TO:  ALL PERSONS WHO PURCHASED STURM, RUGER & COMPANY, INC. ("STURM, RUGER") COMMON STOCK BETWEEN APRIL 23, 2007 THROUGH OCTOBER 24, 2007, INCLUSIVE**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM **POSTMARKED ON OR BEFORE [INSERT DATE]**.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Connecticut (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action and the proposed Settlement of the Action and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses. This Notice describes the rights you may have in connection with your participation in the Settlement, what steps you may take in relation to the Settlement and this class action, and, alternatively, what steps you must take if you wish to be excluded from the Settlement and this Action.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to get a payment.  Proof of Claim forms must be postmarked on or before [Insert Date]. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants about the legal claims in this case. Exclusions must be postmarked on or before [Insert Date]. |
| **OBJECT** | Write to the Court about why you do not like the Settlement. Objections must be received by the Court and counsel on or before [Insert Date]. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement.  Requests to speak must be received by the Court and counsel on or before [Insert Date]. |
| **DO NOTHING** | Get no payment.  Give up rights. |

**SUMMARY NOTICE**

<u>Statement of Plaintiff Recovery</u>

Pursuant to the Settlement described herein, a $3.0 million Settlement Fund is being provided.  Lead Plaintiff estimates that there were approximately 12.9 million common shares of Sturm, Ruger common stock which may have been damaged during the Class Period.  Lead Plaintiff estimates that the average recovery under the Settlement is roughly $0.23 per damaged share before deduction of any taxes on the income thereof, notice and administration costs, and the attorneys' fee and expense award as determined by the Court.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total Recognized Claims submitted. An individual Class Member may receive more or less than this average amount depending on the number of claims submitted, when during the Class Period a Class Member purchased shares of Sturm, Ruger common stock, the purchase price paid, and whether those shares were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received.  *See* Plan of Allocation as set forth at pages 6 and 7 below for more information on your Recognized Claim.

<u>Statement of Potential Outcome of Case</u>

The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if the Lead Plaintiff was to have prevailed on each claim alleged.  The Defendants deny that they are liable to the Lead Plaintiff or the Class and deny that Lead Plaintiff or the Class have suffered any damages.

<u>Statement of Attorneys' Fees and Expenses Sought</u>

Lead Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees not to exceed thirty percent (30%) of the Settlement Fund, plus expenses not to exceed $100,000, plus interest earned on both amounts.  Since the Action's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis and advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery.  In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.  The requested fees and expenses amount to an average of approximately $0.08 per damaged share.

<u>Further Information</u>

For further information regarding the Action, this Notice, or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at 1-888-224-0149, or www.gilardi.com.

You may also contact counsel for Lead Plaintiff and the Class:  Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, California 92101, Telephone (619) 231-1058.

<u>Reasons for the Settlement</u>

The principal reason for the Settlement is the benefit to be provided to the Class now.  This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

TABLE OF CONTENTS

WHAT THIS NOTICE CONTAINS

| | Page |
|---|---|
| SUMMARY NOTICE | 1 |
| Statement of Plaintiff Recovery | 1 |
| Statement of Potential Outcome of Case | 1 |
| Statement of Attorneys' Fees and Expenses Sought | 1 |
| Further Information | 1 |
| Reasons for the Settlement | 2 |
| BASIC INFORMATION | 2 |
| 1.   Why did I get this notice package? | 2 |
| 2.   What is this lawsuit about? | 3 |
| 3.   Why is this a class action? | 3 |
| 4.   Why is there a settlement? | 3 |
| WHO IS IN THE SETTLEMENT | 3 |
| 5.   How do I know if I am part of the Settlement? | 3 |
| 6.   Are there exceptions to being included? | 3 |
| 7.   What if I am still not sure if I am included? | 4 |
| THE SETTLEMENT BENEFITS – WHAT YOU GET | 4 |
| 8.   What does the Settlement provide? | 4 |
| 9.   How much will my payment be? | 4 |
| HOW YOU GET A PAYMENT-SUBMITTING A CLAIM FORM | 4 |
| 10.  How can I get a payment? | 4 |
| 11.  When would I get my payment? | 4 |
| 12.  What am I giving up to get a payment or to stay in the Class? | 4 |
| EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT | 5 |
| 13.  How do I get out of the proposed Settlement? | 5 |
| 14.  If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later? | 5 |
| 15.  If I exclude myself, can I get money from the proposed Settlement? | 5 |
| THE LAWYERS REPRESENTING YOU | 5 |
| 16.  Do I have a lawyer in this case? | 5 |
| 17.  How will the lawyers be paid? | 5 |
| OBJECTING TO THE SETTLEMENT | 5 |
| 18.  How do I tell the Court that I do not like the proposed Settlement? | 5 |
| 19.  What is the difference between objecting and excluding? | 6 |
| THE COURT'S FAIRNESS HEARING | 6 |
| 20.  When and where will the Court decide whether to approve the proposed Settlement? | 6 |
| 21.  Do I have to come to the hearing? | 6 |
| 22.  May I speak at the hearing? | 6 |
| IF YOU DO NOTHING | 6 |
| 23.  What happens if I do nothing at all? | 6 |
| GETTING MORE INFORMATION | 6 |
| 24.  Are there more details about the proposed Settlement? | 6 |
| 25.  How do I get more information? | 6 |
| PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS | 6 |
| SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES | 8 |

**BASIC INFORMATION**

| 1.   Why did I get this notice package? |
|---|

You or someone in your family may have purchased Sturm, Ruger common stock during the period between April 23, 2007 through October 24, 2007, inclusive ("Class Period").

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after objections and appeals, if any, are resolved, a Claims Administrator appointed by the Court will make the payments provided for in the Settlement.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Action is the United States District Court for the District of Connecticut, and the case is known as *In re Sturm, Ruger & Company, Inc. Securities Litigation*, Civil Action No. 3:09-cv-01293 (VLB). The case has been assigned to the Honorable Vanessa L. Bryant. The pension fund which sued is the Lead Plaintiff, and the company and the persons it sued and who have now settled with Lead Plaintiff (Sturm, Ruger, Michael O. Fifer and Thomas A. Dineen) are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

The Consolidated Amended Class Action Complaint for Violations of Federal Securities Laws dated March 11, 2010 (the "Complaint") filed in the Action generally alleges, among other things, that Defendants issued false and misleading press releases and other statements regarding Sturm, Ruger's financial and operational condition prior to and during the Class Period. Lead Plaintiff alleged that the false and misleading statements and omissions artificially inflated the price of Sturm, Ruger common stock, and that one of the individual defendants and other insiders took advantage of the artificially inflated market price by selling Sturm, Ruger common stock during the Class Period.

The Complaint further alleges that the Lead Plaintiff and other Class Members purchased Sturm, Ruger common stock during the Class Period at prices artificially inflated as a result of the Defendants' dissemination of materially false and misleading statements regarding Sturm, Ruger, and asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.

Defendants deny that they made any material misstatements or omissions or that Lead Plaintiff or the Class were harmed by the conduct alleged in the Complaint. Defendants maintain that their conduct was at all times proper and in compliance with applicable provisions of law.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called plaintiffs (in this case, Steamfitters Local 449 Pension Fund) sue on behalf of people who have similar claims. All of the people with similar claims are referred to as a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| 4. | Why is there a settlement? |
|---|---|

Beginning on August 13, 2009, two related putative class actions alleging violations of federal securities laws were filed in the United States District Court for the District of Connecticut and were subsequently consolidated under the above caption and are referred to herein as the "Action." The Lead Plaintiff seeks to represent all Class Members. The Court has appointed the law firm of Robbins Geller Rudman & Dowd LLP as Lead Counsel.

The operative complaint is the Complaint, which was filed on March 11, 2010. The Complaint alleges that Lead Plaintiff and other Class Members purchased Sturm, Ruger common stock during the Class Period at prices artificially inflated as a result of the Defendants' dissemination of allegedly materially false and misleading statements regarding Sturm, Ruger in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, and that certain Defendants sold Sturm, Ruger stock during the Class Period while in possession of material non-public information.

The Defendants deny any liability to Lead Plaintiff and the Class. The Defendants deny any wrongdoing whatsoever and their agreement to settle this Action shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have asserted.

The Court did not decide in favor of Lead Plaintiff or Defendants. Instead, both sides agreed to the Settlement to avoid the risks and cost of a trial, and so Class Members will receive compensation. Continuing to litigate the case would require all parties to engage experts and much of the proof would be highly technical, making the outcome of any trial unpredictable. The Lead Plaintiff and Lead Counsel believe the Settlement is in the best interest of all Class Members in light of the real possibility that continued litigation would delay any recovery by the Class and could result in no recovery at all.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Class Member.

| 5. | How do I know if I am part of the Settlement? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: *all persons and entities who purchased Sturm, Ruger common stock during the period between April 23, 2007 and October 24, 2007, inclusive*, except those persons and entities that are excluded, as described below.

| 6. | Are there exceptions to being included? |
|---|---|

Excluded from the Class are Defendants; members of the immediate families of each of the individual Defendants; the officers and directors of Sturm, Ruger during the Class Period and their immediate familes; any parent, subsidiary, or affiliate of Sturm, Ruger during the Class Period; any entity in which any Defendant has a controlling interest; any trust of which any Defendant is a beneficiary; and the legal representatives, heirs, beneficiaries, successors, and assigns of any such excluded party in their capacity as such. Also excluded from the Class are any Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in Question 13 below.

If one of your mutual funds own shares of Sturm, Ruger common stock, that alone does not make you a Class Member. You are a Class Member only if you directly purchased Sturm, Ruger common stock during the Class Period. Contact your broker to see if you have or held Sturm, Ruger common stock.

If you sold Sturm, Ruger common stock during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you ***purchased*** Sturm, Ruger common stock, as defined above.

**7.  What if I am still not sure if I am included?**

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at 1-888-224-0149, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8.  What does the Settlement provide?**

In exchange for the Settlement and dismissal of the Action, the Defendants have agreed to the payment of $3.0 million to be divided, after taxes, fees, and expenses, among all Class Members who send in a valid Proof of Claim form.

**9.  How much will my payment be?**

Your share of the fund will depend on the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, the number of shares of Sturm, Ruger common stock you purchased, and when you purchased and sold them.

By following the instructions on the Plan of Allocation, you can calculate what is called your Recognized Claim.  It is unlikely that you will get a payment for all of your Recognized Claim.  After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your  Recognized Claim divided by the total of everyone's Recognized Claim.  *See* the Plan of Allocation at pages 6 and 7 hereof for more information on your Recognized Claim.

## HOW YOU GET A PAYMENT-SUBMITTING A CLAIM FORM

**10.  How can I get a payment?**

To qualify for a payment, you must send in a Proof of Claim form.  A Proof of Claim form is enclosed with this Notice.  Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, 2012.

**11.  When would I get my payment?**

The Court will hold a Fairness Hearing on August 20, 2012, to decide whether to approve the Settlement.  If the Court approves the Settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

**12.  What am I giving up to get a payment or to stay in the Class?**

Unless you exclude yourself, you will remain a Class Member, and that means that, if the Settlement is approved, you will release all "Released Plaintiffs' Claims" (as defined below) including "Unknown Claims" (as defined below) against the "Released Persons" (as defined below):

- "Released Plaintiffs' Claims" means all actions, claims, debts, demands, causes of action and rights and liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert, or consulting fees and any other costs, expenses, or liabilities whatsoever), whether known or unknown, against Defendants and their corresponding Released Persons, belonging to Lead Plaintiff and/or any or all Class Members and/or their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, managing members, attorneys, financial and other advisors, investment bankers, underwriters, lenders, any other representatives of any of these persons and entities, and any other Person claiming through or on behalf of them (collectively, the "Releasing Persons"), including, without limitation, any claims, causes of action and rights, whether direct, derivative, representative or in any other capacity, arising under federal, state, local or foreign, statutory or common law or any other law, rule or regulation, including the law of any foreign jurisdiction, that relate in any way to any violation of state, federal, or any foreign jurisdiction's securities laws, any misstatement, omission, or disclosure (including, but not limited to, those in financial statements), any breach of duty, any negligence or fraud, any other alleged wrongdoing or misconduct by Defendants and/or the corresponding Released Persons, or any other theory of liability, including both known claims and Unknown Claims (as defined below), that were or could have been asserted in this Action, including, without limitation, all claims arising out of, related to, based upon, in whole or in part, directly or indirectly, (i) the claims or facts and circumstances asserted in this Action, and (ii) the purchase of Sturm, Ruger common stock during the Class Period.  In addition, upon the Effective Date, all Releasing Persons shall be deemed to have covenanted not to sue the Released Persons with respect to all such Released Plaintiffs' Claims.

- "Released Persons" means Defendants, their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, representatives, employees, financial or investment advisors, consultants, investment bankers, commercial bankers, engineers, advisors, agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors and assigns, insurers, reinsurers, and any and all of Defendants' Affiliates.

- "Unknown Claims" means any Released Plaintiffs' Claim which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which, if known by him, her or it, would or might have affected his, her or its settlement with and release of the Released Persons, or would or might have affected his, her or its decision not to object to this Settlement; and any Released Defendants' Claim which any Defendant does not know or suspect to exist in his or its favor at the time of the release of the Released Persons, which, if known by him or it, would or might have affected his or its decision(s) with respect to the Settlement.  Lead Plaintiff or the Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Lead Plaintiff and the Class Members shall expressly, upon the Effective Date, be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims (including Unknown Claims, as defined herein), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of

law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Likewise, Defendants may hereafter discover facts in addition to or different from those which he or it now knows or believes to be true with respect to the subject matter of the Released Defendants' Claims, but Defendants shall expressly waive, and by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any and all Released Defendants' Claims (including Unknown Claims, as defined herein), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and Defendants acknowledge, and the Class Members by operation of law shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a key element of the Settlement, of which this release is a material and essential part, and expressly waive the benefits of (i) the provisions of §1542 of the California Civil Code, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR,

and (ii) any and all provisions or rights conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue one or more of the Defendants and the other Released Persons, on your own, about the legal issues in this case, then you must take steps to remove yourself from the Settlement.  This is called excluding yourself – or is sometimes referred to as "opting out."

---

**13.  How do I get out of the proposed Settlement?**

---

To exclude yourself from the Class, you must send a letter by first class mail stating that you "request exclusion from the Class in the *In re Sturm, Ruger & Company, Inc. Securities Litigation*."  Your letter should include the date(s), price(s), and number(s) of all purchases and sales of Sturm, Ruger common stock during the Class Period.  In addition, you must include your name, address, telephone number, and your signature.  You must mail your exclusion request **postmarked no later than _____, 2012** to:

*Sturm, Ruger Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA  94976-0990

You cannot exclude yourself by telephone or by e-mail.  If you ask to be excluded, you will not get any payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons in the future.

---

**14.  If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later?**

---

No.  Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Persons for any and all Released Plaintiffs' Claims.  If you have a pending lawsuit against the Released Persons speak to your lawyer in that case immediately.  You must exclude yourself from this Action to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2012.

---

**15.  If I exclude myself, can I get money from the proposed Settlement?**

---

No.  If you exclude yourself, you may not send in a Proof of Claim to ask for any money. But, you may sue or be part of a different lawsuit against the Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

---

**16.  Do I have a lawyer in this case?**

---

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represent the Lead Plaintiff and the Class Members, including you.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

---

**17.  How will the lawyers be paid?**

---

Lead Counsel are moving the Court to award attorneys' fees in an amount not greater than thirty percent (30%) of the Settlement Fund and for expenses in an amount not to exceed $100,000, which were incurred in connection with the litigation. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

---

**18.  How do I tell the Court that I do not like the proposed Settlement?**

---

If you are a Class Member, you can object to the proposed Settlement if you do not like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a signed letter saying that you object to the proposed Settlement in the *In re Sturm, Ruger & Company, Inc. Securities Litigation,* Docket No.

9-cv-1293(VLB).  Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), number(s) of shares of Sturm, Ruger common stock you purchased and sold during the Class Period, and state the reasons why you object to each of the following addresses postmarked no later than _____, 2012:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>District of Connecticut<br>Abraham Ribicoff Federal<br> Building<br>450 Main Street<br>Hartford, CT  06103 | ROBBINS GELLER RUDMAN<br> & DOWD LLP<br>Ellen Gusikoff Stewart<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101 | EDWARDS WILDMAN<br> PALMER LLP<br>Michael Dockterman<br>225 West Wacker Drive, Suite 3000<br>Chicago, IL  60606 |

**19.  What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the proposed Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

**20.  When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Fairness Hearing at 2:00 p.m., on Monday, August 20, 2012, at the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building, 450 Main Street, Hartford, CT  06103, in Courtroom ___.  At the hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Lead Counsel.  After the Fairness Hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

**21.  Do I have to come to the hearing?**

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

**22.  May I speak at the hearing?**

If you object to the Settlement, you may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must include with your objection (see Question 18 above) a statement saying that it is your "Notice of Intention to Appear in the *In re Sturm, Ruger & Company, Inc. Securities Litigation,* Docket No. 9-cv-1293(VLB)."  Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Fairness Hearing.  You cannot speak at the hearing if you excluded yourself.

### IF YOU DO NOTHING

**23.  What happens if I do nothing at all?**

If you do nothing, you will get no money from this Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Released Persons about the legal issues in this case, ever again.

### GETTING MORE INFORMATION

**24.  Are there more details about the proposed Settlement?**

This Notice summarizes the proposed Settlement.  More details are in a Stipulation of Settlement dated December 29, 2011 (the "Stipulation").  You can get a copy of the Stipulation and obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-224-0149.  A copy of the Stipulation is also available on the Claims Administrator's website at www.gilardi.com.

**25.  How do I get more information?**

For even more detailed information concerning the matters involved in this Action, reference is made to the pleadings, to the Stipulation, to the Orders entered by the Court, and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court, District of Connecticut, Abraham Ribicoff Federal Building, 450 Main Street, Hartford, CT 06103, during regular business hours.

### PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

A cash Settlement Amount of $3.0 million and any interest earned thereon shall be the Settlement Fund.  The Settlement Fund, less all taxes, approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."  The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be

paid to Authorized Claimants pursuant to the Settlement.  The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The following proposed Plan of Allocation reflects the proposition that the prices of Sturm, Ruger common stock were artificially inflated during the Class Period from April 23, 2007, the first day of the Class Period, until October 24, 2007, inclusive, the last date of the Class Period, and that any losses from trading Sturm, Ruger common stock purchased during the Class Period, and still owned at close of trading on October 24, 2007, will be recognized. Accordingly, for Sturm, Ruger common stock purchased during the Class Period and still owned at close of trading on October 24, 2007, "Recognized Claims" will be calculated for purposes of the Settlement as follows:

CUSIP: 864159108

The allocation below is based on the following price decline as well as the statutory PSLRA 90-day look-back amount of $8.55:

October 25, 2007 Price Decline: $6.45

For shares of Sturm, Ruger common stock *purchased on or between April 23, 2007 through October 24, 2007,* the claim per share shall be as follows:

a)  If sold prior to October 25, 2007, the claim per share is zero.

b)  If retained at the end of October 24, 2007, and sold before January 22, 2008, the claim per share shall be the lesser of: (i) $6.45 (October 25, 2007 Price Decline); or (ii) the difference between the purchase price and the selling price; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

c)  If retained, or sold, on or after January 22, 2008, the claim per share shall be the lesser of: (i) $6.45 (October 25, 2007 Price Decline); or (ii) the difference between the purchase price per share and $8.55 per share.

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 25-Oct-07 | $10.65 | $10.65 | 6-Dec-07 | $8.44 | $8.84 |
| 26-Oct-07 | $10.58 | $10.62 | 7-Dec-07 | $8.30 | $8.82 |
| 29-Oct-07 | $9.65 | $10.29 | 10-Dec-07 | $8.53 | $8.82 |
| 30-Oct-07 | $9.36 | $10.06 | 11-Dec-07 | $8.24 | $8.80 |
| 31-Oct-07 | $9.35 | $9.92 | 12-Dec-07 | $8.30 | $8.78 |
| 1-Nov-07 | $8.56 | $9.69 | 13-Dec-07 | $8.35 | $8.77 |
| 2-Nov-07 | $8.40 | $9.51 | 14-Dec-07 | $8.28 | $8.76 |
| 5-Nov-07 | $8.05 | $9.33 | 17-Dec-07 | $8.27 | $8.74 |
| 6-Nov-07 | $7.95 | $9.17 | 18-Dec-07 | $8.60 | $8.74 |
| 7-Nov-07 | $7.40 | $9.00 | 19-Dec-07 | $8.34 | $8.73 |
| 8-Nov-07 | $7.88 | $8.89 | 20-Dec-07 | $8.35 | $8.72 |
| 9-Nov-07 | $8.01 | $8.82 | 21-Dec-07 | $8.91 | $8.73 |
| 12-Nov-07 | $8.37 | $8.79 | 24-Dec-07 | $9.12 | $8.73 |
| 13-Nov-07 | $8.79 | $8.79 | 26-Dec-07 | $9.72 | $8.76 |
| 14-Nov-07 | $8.61 | $8.77 | 27-Dec-07 | $9.07 | $8.76 |
| 15-Nov-07 | $8.54 | $8.76 | 28-Dec-07 | $8.43 | $8.76 |
| 16-Nov-07 | $8.73 | $8.76 | 31-Dec-07 | $8.28 | $8.75 |
| 19-Nov-07 | $8.80 | $8.76 | 2-Jan-08 | $8.38 | $8.74 |
| 20-Nov-07 | $8.38 | $8.74 | 3-Jan-08 | $8.01 | $8.72 |
| 21-Nov-07 | $8.86 | $8.75 | 4-Jan-08 | $8.11 | $8.71 |
| 23-Nov-07 | $9.37 | $8.78 | 7-Jan-08 | $8.57 | $8.71 |
| 26-Nov-07 | $8.95 | $8.78 | 8-Jan-08 | $7.76 | $8.69 |
| 27-Nov-07 | $9.93 | $8.83 | 9-Jan-08 | $7.93 | $8.68 |
| 28-Nov-07 | $9.72 | $8.87 | 10-Jan-08 | $7.59 | $8.65 |
| 29-Nov-07 | $9.25 | $8.89 | 11-Jan-08 | $7.70 | $8.64 |
| 30-Nov-07 | $9.25 | $8.90 | 14-Jan-08 | $7.70 | $8.62 |
| 3-Dec-07 | $8.76 | $8.89 | 15-Jan-08 | $7.46 | $8.60 |
| 4-Dec-07 | $8.32 | $8.87 | 16-Jan-08 | $8.15 | $8.59 |
| 5-Dec-07 | $8.35 | $8.86 | 17-Jan-08 | $7.95 | $8.58 |
| | | | 18-Jan-08 | $8.10 | $8.57 |
| | | | 22-Jan-08 | $7.51 | $8.55 |

In the event a Class Member has more than one purchase or sale of Sturm, Ruger common stock during the Class Period, all purchases and sales within the Class Period shall be matched on a First In First Out ("FIFO") basis.  A purchase or sale of Sturm, Ruger common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, devise or operation of law of Sturm, Ruger common stock during the Class Period shall not be deemed a purchase or sale of Sturm, Ruger common stock for the calculation of an Authorized Claimant's

Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment.  The receipt of Sturm, Ruger common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Sturm, Ruger common stock.

To the extent a claimant had a gain from his, her or its overall transactions in Sturm, Ruger common stock during the Class Period, the value of the Recognized Claim will be zero.

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds.  The Settlement and the Order and Final Judgment of the Court dismissing this Action will nevertheless bind Class Members who do not either submit a request for exclusion or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are unsatisfied with the result, you may ask the Court, which retains jurisdiction over the Claims Administration process, to decide the issue in your favor by submitting a written request.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of un-cashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (a) first, to pay any amounts mistakenly omitted from the initial disbursement or to pay any late, but otherwise valid and fully documented, claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meets all of the other criteria for inclusion in the initial distribution; (b) second, to pay any additional settlement administration fees and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel.

### SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

If you purchased Sturm, Ruger common stock during the Class Period for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such securities during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein.  If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*Sturm, Ruger Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA  94976-0990
1-888-224-0149

Dated:                                                                                      By Order of the Court
                                                                                                   CLERK OF THE COURT

**EXHIBIT A-2**

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re STURM, RUGER & COMPANY, INC.<br>SECURITIES LITIGATION | )<br>) | Master File No. 3:09-cv-01293-VLB |
| | ) | __CLASS ACTION__ |
| This Document Relates To: | )<br>) | PROOF OF CLAIM AND RELEASE |
| ALL ACTIONS. | )<br>) | EXHIBIT A-2 |
| | ) | |

665489_4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re STURM, RUGER & COMPANY, INC. SECURITIES LITIGATION | ) Master File No. 3:09-cv-01293-VLB<br>)<br>) **CLASS ACTION**<br>)<br>) |
| This Document Relates To: | )<br>) |
| ALL ACTIONS. | )<br>)<br>) |

**PROOF OF CLAIM AND RELEASE**

### I.   GENERAL INSTRUCTIONS

1.   To recover as a member of the Class based on your claims in the action entitled *In re Sturm, Ruger & Company, Inc. Securities Litigation*, Master File No. 3:09-cv-01293-VLB (the "Litigation"), you must complete and, on page 6 hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.   Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.   YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE _____, 2012, ADDRESSED AS FOLLOWS:

*Sturm, Ruger Securities Litigation*
**Claims Administrator**
**c/o Gilardi & Co. LLC**
**P.O. Box 990**
**Corte Madera, CA  94976-0990**

If you are NOT a member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim.

4.   If you are a member of the Class and you did not timely request exclusion in connection with the proposed Settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

### II.   CLAIMANT IDENTIFICATION

If you purchased Sturm, Ruger common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased Sturm, Ruger common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Sturm, Ruger common stock, who purchased Sturm, Ruger common stock.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE STURM, RUGER COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### III.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Sturm, Ruger Common Stock" to supply all required details of your transaction(s) in Sturm, Ruger common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases of Sturm, Ruger common stock which took place at any time between April 23, 2007 and October 24, 2007, inclusive, and *all* of your sales of Sturm, Ruger common stock which took place at any time between April 23, 2007 and January 22, 2008, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the Sturm, Ruger common stock you held at the close of trading on April 22, 2007, and at the close of trading on October 24, 2007, and at the close of trading on January 22, 2008. Failure to report all such transactions may result in the rejection of your claim.

List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Sturm, Ruger common stock. The date of a "short sale" is deemed to be the date of sale of Sturm, Ruger common stock.

Copies of broker confirmations or other documentation of your transactions in Sturm, Ruger common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Proof of Claim form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at 1-888-224-0149 or visit their website at www.gilardi.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

**EXHIBIT A-3**

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re STURM, RUGER & COMPANY, INC. SECURITIES LITIGATION ) ) )<br><br>This Document Relates To: )<br><br>ALL ACTIONS. ) ) ) | Master File No. 3:09-cv-01293-VLB<br><br>**CLASS ACTION**<br><br>**SUMMARY NOTICE**<br><br>**EXHIBIT A-3** |

665526_4

Official
Office
Use
Only

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*In re Sturm, Ruger & Company, Inc. Securities Litigation*
Master File No. 3:09-cv-01293-VLB

PROOF OF CLAIM AND RELEASE

<u>Please Type or Print in the Boxes Below</u>
Do <u>NOT</u> use Red Ink, Pencil, or Staples

**Must be Postmarked
No Later Than
_____ __, 2012**

# STURM

**PART I: CLAIMANT IDENTIFICATION**

Last Name

M.I.

First Name

Last Name (Co-Beneficial Owner)

First Name (Co-Beneficial Owner)

○ IRA          ○ Joint Tenancy          ○ Employee          ○ Individual          ○ Other_____
(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (if Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number

or

Taxpayer Identification Number

Telephone Number (Work)

Telephone Number (Home)

Email Address

MAILING INFORMATION

Address

Address

City

State

Zip Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

| For Claims Processing Only | OB | CB | | ○ ATP  ○ KE | ○ BE  ○ DR  ○ EM | ○ FL  ○ ME  ○ ND | ○ OP  ○ RE  ○ SH | M M / D D / Y Y Y Y | For Claims Processing Only |

3

**PART II: SCHEDULE OF TRANSACTIONS IN STURM, RUGER COMMON STOCK**

Proof Enclosed?

A. Number of shares of Sturm, Ruger common stock held at the close of trading on April 22, 2007:

☐☐☐☐☐☐☐☐  ○ Y  ○ N

B. Purchases of Sturm, Ruger common stock (April 23, 2007 – October 24, 2007, inclusive):

| PURCHASES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) | Number of Shares Purchased | Total Purchase Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* | Proof of Purchase Enclosed? |
| M M / D D / Y Y Y Y | | | |
| 1. ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐ . 0 0 | ○ Y ○ N |
| 2. ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐ . 0 0 | ○ Y ○ N |
| 3. ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐ . 0 0 | ○ Y ○ N |
| 4. ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐ . 0 0 | ○ Y ○ N |

IMPORTANT: (i) If any purchase listed covered a "short sale", please mark Yes: ○ Yes
(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M / D D / Y Y Y Y    Merger Shares:    Company:
☐☐ / ☐☐ / ☐☐☐☐    ☐☐☐☐☐☐☐    _____

C. Sales of Sturm, Ruger common stock (April 23, 2007 – January 22, 2008, inclusive):

| SALES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* | Proof of Sales Enclosed? |
| M M / D D / Y Y Y Y | | | |
| 1. ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐ . 0 0 | ○ Y ○ N |
| 2. ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐ . 0 0 | ○ Y ○ N |
| 3. ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐ . 0 0 | ○ Y ○ N |
| 4. ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐ . 0 0 | ○ Y ○ N |

Proof Enclosed?

D. Number of shares of Sturm, Ruger common stock held at the close of trading on October 24, 2007:

☐☐☐☐☐☐☐☐  ○ Y  ○ N

Proof Enclosed?

E. Number of shares of Sturm, Ruger common stock held at the close of trading on January 22, 2008:

☐☐☐☐☐☐☐☐  ○ Y  ○ N

*If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.*
YOU MUST READ AND SIGN THE RELEASE ON PAGE 6. FAILURE TO SIGN THE RELEASE
MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.



4

**IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Connecticut with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of Sturm, Ruger common stock during the Class Period and know of no other person having done so on my (our) behalf.

**V. RELEASE**

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish, and discharge from the Released Plaintiffs' Claims each and all of the "Released Persons," defined as each and all of the Defendants and their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, representatives, employees, financial or investment advisors, consultants, investment bankers, commercial bankers, engineers, advisors, agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors and assigns, insurers, reinsurers, and any and all of Defendants' Affiliates.

2.    "Released Defendants' Claims" means any and all actions, claims, debts, demands, causes of action and rights and liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local statutory, or common law or any other law, rule, or regulation, including both known claims and Unknown Claims (as defined below), that have been or could have been asserted in the Litigation or any forum by Defendants, or the heirs, successors, and assigns of any of them against Lead Plaintiff, Lead Counsel, any of the Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation, excluding any claims for breaches of the Stipulation. In addition, upon the Effective Date, Defendants, and the heirs, successors, and assigns of any of them, shall be deemed to have covenanted not to sue Lead Plaintiff, any Class Member, Lead Counsel, or any other counsel for any other plaintiff or plaintiffs in the Litigation, with respect to all such Released Defendants' Claims.

3.    "Released Plaintiffs' Claims" means all actions, claims, debts, demands, causes of action and rights and liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees and any other costs, expenses, or liabilities whatsoever), whether known or unknown, against Defendants and their corresponding Released Persons, belonging to Lead Plaintiff and/or any or all Class Members and/or their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, managing members, attorneys, financial and other advisors, investment bankers, underwriters, lenders, any other representatives of any of these persons and entities, and any other Person claiming through or on behalf of them (collectively, the "Releasing Persons"), including, without limitation, any claims, causes of action and rights, whether direct, derivative, representative or in any other capacity, arising under federal, state, local or foreign, statutory or common law or any other law, rule or regulation, including the law of any foreign jurisdiction, that relate in any way to any violation of state, federal, or any foreign jurisdiction's securities laws, any misstatement, omission, or disclosure (including, but not limited to, those in financial statements), any breach of duty, any negligence or fraud, any other alleged wrongdoing or misconduct by Defendants and/or the corresponding Released Persons, or any other theory of liability, including both known claims and Unknown Claims (as defined below), that were or could have been asserted in this Action, including, without limitation, all claims arising out of, related to, based upon, in whole or in part, directly or indirectly, (i) the claims or facts and circumstances asserted in this Action, and (ii) the purchase of Sturm, Ruger common stock during the Class Period. In addition, upon the Effective Date, all Releasing Persons shall be deemed to have covenanted not to sue the Released Persons with respect to all such Released Plaintiffs' Claims.

4.    "Unknown Claims" means any Released Plaintiffs' Claim which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which, if known by him, her or it, would or might have affected his, her or its settlement with and release of the Released Persons, or would or might have affected his, her or its decision not to object to this Settlement; and any Released Defendants' Claim which any Defendant does not know or suspect to exist in his or its favor at the time of the release of the Released Persons, which, if known by him or it, would or might have affected his or its decision(s) with respect to the Settlement. Lead Plaintiff or the Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Lead Plaintiff and the Class Members shall expressly, upon the Effective Date, be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims (including Unknown Claims, as defined herein), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Likewise, Defendants may hereafter discover facts in addition to or different from those which he or it now knows or believes to be true with respect to the subject matter of the Released Defendants' Claims, but Defendants shall expressly waive, and by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any and all Released Defendants' Claims (including Unknown Claims, as defined herein), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Class Members by operation of law shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a key element of the Settlement, of which this release is a material and essential part, and expressly waive the benefits of (i) the provisions of §1542 of the California Civil Code, which provides that:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR,

and (ii) any and all provisions or rights conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.

This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

5.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Sturm, Ruger common stock which occurred during the Class Period as well as the number of shares of Sturm, Ruger common stock held by me (us) at the close of trading on April 22, 2007, and at the close of trading on October 24, 2007, and at the close of trading on January 22, 2008.



I (WE) CERTIFY THAT I AM (WE ARE) NOT SUBJECT TO BACKUP WITHHOLDING UNDER THE PROVISIONS OF SECTION 3406(A)(1)(C) OF THE INTERNAL REVENUE CODE.

NOTE:  IF YOU HAVE BEEN NOTIFIED BY THE INTERNAL REVENUE SERVICE THAT YOU ARE SUBJECT TO BACKUP WITHHOLDING, PLEASE STRIKE OUT THE LANGUAGE THAT YOU ARE NOT SUBJECT TO BACKUP WITHHOLDING IN THE CERTIFICATION ABOVE.

I (WE) DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL OF THE FOREGOING INFORMATION SUPPLIED ON THIS PROOF OF CLAIM AND RELEASE FORM BY THE UNDERSIGNED IS TRUE AND CORRECT.

Executed this_____ day of  _____ in _____

(Month/Year)                                      (City/State/Country)


_____                    _____
(Sign your name here)                                                              (Sign your name here)


_____                    _____
(Type or print your name here)                                                 (Type or print your name here)


_____                    _____
(Capacity of person(s) signing, e.g.,                                          (Capacity of person(s) signing, e.g.,
Beneficial Purchaser, Executor or Administrator)                       Beneficial Purchaser, Executor or Administrator)


**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. Remember to attach supporting documentation, if available.

3. Do not send original stock certificates.

4. Keep a copy of your claim form and all supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.

6. If you move, please send the Claims Administrator your new address.

